UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────x

MICHAEL BENNETT,
                Plaintiff,

-against-

AMERICAN INTEGRATED SECURITY GROUP, INC,
LEVY ACS, and AVI JACOBI,

                Defendant(s).
───────────────────────────────────────────────x

| CIVIL ACTION No. |
| --- |
| COMPLAINT AND JURY TRIAL DEMAND |

Plaintiff, MICHAEL BENNETT, (the "Plaintiff"), by and through their attorney, Marc Scolnick, Esq., hereby brings this complaint against Defendants, AMERICAN INTEGRATED SECURITY GROUP, INC, ("Corporate Defendant"), LEVY ACS, and AVI JACOBI (all three collectively known as "Defendants"), and alleges as follows:

## I.    INTRODUCTION

1. This action is brought by Plaintiff against Defendants, alleging violations of Federal Labor Standards Act, 29 U.S.C. §§ 201 et. seq. ("FLSA") and the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns, and/or practices.

2. Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from Defendants (1) unpaid straight time pay, commission, and overtime pay, (2) liquidated damages, and (3) attorney's fees and costs.

3. Plaintiff further alleges pursuant to NYLL §§ 650 et. seq. and 12 New York Codes, Rules and Regulations §§ 142 et. seq. ("NYCRR"), that he is entitled to recover from Defendants (1) unpaid straight time pay, commission, and overtime wages, (2) unpaid "spread of hours" payment for each day he worked ten or more hours, (3) liquidated damages, and (4) attorney's fees and

costs. Plaintiff is also entitled to compensatory damages for breach of contract under New York law.

## II. JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over the instant action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.5.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants reside in and/or conduct business in this judicial district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

7. Plaintiff is a resident of Ohio and was employed by Defendants to work as a National Account Manager from October 2011 to February 2021.

8. Upon information and belief, Defendant AMERICAN INTEGRATED SECURITY GROUP, INC (AISG) is a New York domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business at 114-02 15th Avenue, College Point, New York 11356.

9. Upon information and belief, Defendant LEVY ACS is the President and Chief Technology Officer of Defendant AISG ("Corporate Defendant"), participated in the day-to-day operations of Corporate Defendant, and was an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 CFR § 791.2 and regulations promulgated thereunder, and NYLL § 2

and regulations promulgated thereunder, and is jointly and severally liable with Corporate Defendant.

10. Upon information and belief, Defendant AVI JACOBI is the Chief Executive Officer of Corporate Defendant, participated in the day-to-day operations of Corporate Defendant, and was an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 CFR § 791.2 and regulations promulgated thereunder, and NYLL § 2 and regulations promulgated thereunder, and is jointly and severally liable with Corporate Defendant.

11. Upon information and belief, at all relevant times, the Corporate Defendant had gross revenues in excess of $500,000.00.

12. Upon information and belief, Corporate Defendant are a business that designs and installs open platform integrated systems.

13. Upon information and belief, Corporate Defendant design, sell, and handle open platform integrated systems moved in interstate commerce.

14. Upon information and belief, Corporate Defendant and its owners controlled Plaintiff's employment and had the final and ultimate authority to determine Plaintiff's position, job duties, pay and compensation, performance evaluation and discipline, and work schedule. Thus, Corporate Defendant and their owners were employers pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 CFR § 791.2, and NYLL § 2 and the regulations promulgated thereunder.

15. At all times relevant herein, the Corporate Defendant were, and continue to be, "enterprises engaged in commerce" within the meaning of FLSA.

16. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his commission on the services performed as per his employment agreement with Defendants, in contravention of FLSA and NYLL.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## IV. STATEMENT OF FACTS

23. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

24. Defendants knew that the nonpayment of commission and overtime pay would financially injure Plaintiff and violate state and federal laws.

25. From October 2011 through February 2021, Plaintiff was hired by Defendants to work as a national account manager. Plaintiff regularly handled services in interstate commerce, such as handling accounts nationwide on behalf of Defendants outside the State of New York.

26. Plaintiff's initial compensation package was included in a written job offer. *See* attached Exhibit A. Plaintiff's starting salary was an annual gross salary of $50,000.00 to be distributed in biweekly installments.

27. On February 18, 2019, Plaintiff's salary increased from $2,884.62 to $4,807.92 gross biweekly installments. Plaintiff's commission for sales above $1,000,000.00 was to be 4.00%. This increase was documented via a letter titled "Salary Update." *See* attached Exhibit B.

28. Over Plaintiff's course of employment, he designed and sold multiple open platform integrated systems on behalf of Corporate Defendant.

29. On February 22, 2021, Plaintiff resigned from Corporate Defendant.

30. At the time of his resignation, Plaintiff was involved in the design and sale of 11 projects on behalf of Corporate Defendant.

31. The revenue of Plaintiff's projects was worth approximately $2,195,000.00.

32. Based on Plaintiff's Salary Update (*see* Exhibit C), Plaintiff's commission for his projects was approximately $87,800.00.

33. On resignation, Plaintiff offered a severance agreement, granting him his commission from his projects and granting Corporate Defendant his assistance in handing-off clients and projects.

34. Corporate Defendant refused to execute said severance agreement.

35. On April 29, 2021, Plaintiff's attorney, Marc Scolnick, Esq., ("Plaintiff's Attorney") sent a letter to Defendants, demanding Plaintiff's commission payments on the contracts for projects and services that Plaintiff originated prior to his departure from Corporate Defendant.

36. On May 7, 2021, Corporate Defendant's attorney, Albert Rizzo, sent Plaintiff's Attorney a Notice to Cease and Desist by email.

37. Corporate Defendant have yet to pay Plaintiff the commission payments on the contracts for projects and services that Plaintiff originated prior to his departure from Corporate Defendant.

## V.      STATEMENT OF CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION

**[Violation of the Fair Labor Standards Act-Overtime Wage, Straight Time Wage, and unpaid commission]**

38. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. At all relevant times, upon information and belief, Defendants were and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, and 29 U.S.C. §§ 206(a) and 207(a).

40. Plaintiff is a covered individual within the meaning of the FLSA, and 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiff as "employee" within the meaning of the FLSA.

42. During the course of Plaintiff's employment by Defendants, he worked over forty (40) hours per week in a workweek and was denied overtime premium.

43. Defendants failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times his full wage rate – for all hours worked beyond 40 per workweek – on average approximately 50 hours per workweek.

44. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

45. Defendants also failed to pay Plaintiff the commission as Defendants had agreed in both Plaintiff's initial job offer and Salary Update on February 18, 2019.

46. Plaintiff was damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### [Non-payment of Commission Wages under NY Labor Law]

47. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. At all times relevant to the complaint, Plaintiff was an "employee" and Defendants were an "employer" within the meaning of the NYLL.

49. At all times relevant to the complaint, Plaintiff was to be paid by Defendants on a commission basis, in addition to receiving his regular wages. Monies earned by commission accounted, or should have accounted, for a substantial portion of the Plaintiff's earnings.

50. At all times relevant to the complaint, Plaintiff's commission wage was calculated as 4.00% of each sale over $1,000,000.00

51. At the time of Plaintiff's resignation, he had brought eleven current projects to Corporate Defendant, equaling $2,195,000.00.

52. Based off Plaintiff's commission rate in Salary Update, his total unpaid commission for these projects totals $87,800.00.

53. At all times relevant to the complaint, Defendants have not paid to Plaintiff commissions based on the number of projects brought to Corporate Defendant.

54. Defendants' refusal to pay these commission wages was willful.

55. Defendants' willful failure and refusal to pay Plaintiff's commission wages due and owing to Plaintiff is a violation of the NYLL 191-c.

56. As a result of the foregoing, Plaintiff has been denied wages and has incurred damages thereby, including, but not limited to, his actual monetary and compensatory damages, liquidated damages in the amount of one hundred percent of the total amount due, and reasonable attorneys' fees, costs, and interest.

## AS AND FOR A THIRD CAUSE OF ACTION

### [Violation of the Overtime Provisions of the New York State Labor Law]

57. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff's overtime compensation at a rate of 1.5 times the regular rate of pay for all hours worked beyond 40 per workweek – on average approximately 50 hours per workweek.

59. Defendants' failure to pay Plaintiff's overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

60. Plaintiff was damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

### [Violation of the NYLL-Failure to Provide Wage Notice at the Time of Hiring]

61. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, as claimed as part of wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; in violation of NYLL § 195(1).

63. Due to Defendants' violation of the NYLL § 195(1), Defendants are liable to Plaintiff, in the amount of $5,000, together with costs and attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION

### [Violation of the NYLL-Failure to Provide Wage Statement Provision at the Time of Hiring]

64. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

66. Due to Defendants' violation of the NYLL § 195(3), Defendants are liable to Plaintiff, in the amount of $5,000, together with costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION

### [Breach of Contract Under New York Law]

67. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. On or about October 2011, Plaintiff accepted and signed a written job offer with Defendants that remained in effect during the remainder of Plaintiff's employment.

69. On February 18, 2019, Plaintiff's salary increased from $2,884.62 to $4,807.92 gross biweekly installments. Plaintiff's commission for sales above $1,000,000.00 was to be 4.00%.

70. Plaintiff performed all duties, promises, and obligations required by the contract.

71. Defendants have refused to pay Plaintiff the wages he is due, including but not limited to $87,800.00 in commissions, net of any payments that might have been made or credited to or on behalf of Plaintiff without his knowledge.

72. In refusing to pay Plaintiff the foregoing amounts, as required by the contract, Defendants have failed to perform the duties, promises, and obligations required by contract. Defendants' failure in this regard constitutes a material breach of contract.

73. Defendants have refused to pay Plaintiff the severance due to him under the Executive Employment Agreement.

74. As a result, these Defendants' material breach of the contract has caused the Plaintiff to suffer damages in an amount not less than $87,800.00, net of any payments that might have been made or credited to or on behalf of Plaintiff without his knowledge.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

(a) Declaring the acts and practices complained of herein are in violation of the FLSA and NYLL;

(b) Awarding Plaintiff his actual damages in an amount to be determined at trial for unpaid overtime wages, benefits, unpaid commission, back pay, front pay and other remuneration, liquidated damages, and interest, as provided by the FLSA and NYLL;

(c) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(d) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(e) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(f) Awarding Plaintiff compensatory damage for breach of contract in an amount to be determined at trial but believed to be at least $87,800.00;

(g) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(h) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(i) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(j) For such other and further relief as the Court deems just and proper.

## VII.   JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all triable issues.

Dated: September 9, 2021
Kew Gardens, NY

LAW OFFICE OF MARC SCOLNICK PC

_____/s/ Marc Scolnick_____
BY: Marc Scolnick, Esq. [MS-4526]
8403 Cuthbert Rd. Unit 1B
Kew Gardens, NY 11415
P:(718) 554-6445 | F:(718) 717-7486
office@scolnicklaw.com
*Attorneys for Plaintiff*